# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WOODROW CARVER SADLER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:06-0074 |
| | ) | Judge Echols / Knowles |
| v. | ) | |
| | ) | |
| LABOR READY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss. Docket Entry No. 14-1. In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law. Docket Entry No. 14-2.

Plaintiff, proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging discrimination based upon "asthma and homosexuality." Docket Entry No. 1.

Defendant filed the instant Motion to Dismiss and accompanying Memorandum of Law on July 14, 2006. Docket Entry Nos. 14-1 and 14-2. Defendant argues that Plaintiff's claims must be dismissed because, (1) Plaintiff failed to allege discrimination based upon "asthma" in his EEOC Charge of Discrimination, and, (2) sexual orientation is not a protected class under Title VII. Docket Entry Nos. 14-1 and 14-2.

Plaintiff has failed to respond.

1

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

## II.  Facts

Plaintiff's Complaint does not aver any facts or circumstances pertaining to Defendant's alleged acts of discrimination.  Instead, Plaintiff's Complaint simply avers that Defendant terminated his employment based upon "asthma and homosexuality."  *See* Docket Entry No. 1.

The allegations of Plaintiff's EEOC Charge of Discrimination, in their entirety, are as follows:

> I have worked for Labor Ready several times.  This week when I went in to be sent on a work assignment I was told I was not going to be placed because I had walked off the job last week.  Labor Ready employs over 15.
>
> The week of November 23, 2005 I was working a construction site and had to leave an hour early because of a medical condition.  The foreman cursed me and told me to get my m...f...ass back on the truck and get back to work.  I had to leave to get medical attention.
>
> The Branch Manager, Carol, also stated that besides walking off her job last week, some of the guys do not want to work with me because of my homosexuality, my language, and the way I walk.  They do not think I am manly enough to work construction.
>
> I believe I have been discriminated against and treated unfairly in violation of state and federal law.

Docket Entry No. 1.

## III.  Analysis

**A.  Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  The purpose of this rule is to permit a defendant to test

2

whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to preclude dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

**B. Title VII of the Civil Rights Act of 1964**

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from

discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir.

4

1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

>  1) he is a member of a protected class;
>
>  2) he was qualified for his job and performed it satisfactorily;
>
>  3) despite his qualifications and performance, he suffered an adverse employment action;[1] and
>
>  4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). (Footnote added.)

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him because of his protected status, the burden of persuasion shifts to the

---

[1] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

5

employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

## **C. The Case at Bar**

Plaintiff alleges discrimination based upon "asthma and homosexuality," in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Docket Entry No. 1. Plaintiff filed his Charge of Discrimination with the EEOC on December 15, 2005, and was issued his Dismissal and Notice of Right to Sue letter on December 20, 2005. *Id.*

As has been noted, this Court does not have jurisdiction to hear Plaintiff's Title VII claims unless he explicitly files the claims in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. With regard to Plaintiff's claim that Defendant discriminated against him because of his asthma, Plaintiff did not explicitly proffer such allegations in his EEOC charge. While Plaintiff does note, "I had to leave to get medical attention," a claim of discrimination because of asthma cannot reasonably be expected to grow out of a statement expressing a need to "leave to get medical attention." Accordingly, Plaintiff's claims of discrimination based upon his asthma should be dismissed.[2]

As has been discussed, in order to establish a prima facie claim of discrimination under Title VII, Plaintiff must first establish that he was a member of a protected class. With regard to Plaintiff's claim that Defendant discriminated against him because of his sexual orientation, Title VII protects an individual from discrimination based upon race, color, religion, sex, or national origin. The Sixth Circuit, in *Vickers v. Fairfield Medical Center*, explicitly stated that "sexual orientation is not a prohibited basis for discriminatory acts under Title VII." 453 F.3d. 757, 762 (6th Cir. 2006). Because "sexual orientation is not a prohibited basis for discriminatory acts under Title VII," Plaintiff cannot establish that he was a member of a protected class. Accordingly, Plaintiff cannot demonstrate a prima facie claim of discrimination and his claims of

---

[2]Plaintiff did not file suit pursuant to the Americans With Disabilities Act, nor did he file suit based upon "Disability." Rather, Plaintiff filed this suit pursuant to Title VII based upon "asthma and homosexuality" only. *See* Docket Entry No. 1.

7

discrimination based upon his sexual orientation should be dismissed.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge